William M. Demlong (I.D. No. 012458)
John K. Wittwer (I.D. No. 025035)
**KUNZ PLITT**
**HYLAND & DEMLONG**
3838 N. Central Avenue
Suite 1500
Phoenix, Arizona 85012-1902
(602) 331-4600
wmd@kunzlegal.com; jkw@kunzlegal.com

Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| Bernadette Carlson, | Case No.: |
|---|---|
| Plaintiff, | |
| v. | **NOTICE OF REMOVAL** |
| Foresters Insurance Company, | |
| Defendant. | |

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and LRCiv 3.7, Defendant, The Independent Order of Foresters, incorrectly designated as Foresters Insurance Company (hereinafter "Foresters"), by undersigned counsel, hereby notices the removal of the above-captioned case from Superior Court of the State of Arizona, in and for the County of Maricopa ("Maricopa County Superior Court"), to the United States District Court for the District of Arizona and in support thereof respectfully asserts:

1.   Plaintiff, Bernadette Carlson, is a citizen of the State of Arizona.

2.   Defendant, Foresters is a Fraternal Benefit Society incorporated by Letters Patent pursuant to the Canadian and British Insurance Companies Act, dated March 7,

1 1974 and is a citizen of Canada.  Forester maintains its principal place of business in
2 Toronto, Canada and its port of entry to the United States is the state of New York.

3       3.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332 and this action
4 may be removed pursuant to 28 U.S.C. § 1441(b), because it is a civil action between
5 parties with complete diversity of citizenship and the amount in controversy, exclusive of
6 interest and costs, exceeds the jurisdictional minimum of $75,000.00.  Specifically,
7 Plaintiff seeks to recover from Foresters based on allegations of refusal to pay benefits
8 under an accidental death insurance certificate with a face value of $300,000.00.  (*See*
9 Plaintiff's Complaint[1] ¶¶ 5-6).  Therefore, the contract damages, tort damages, and
10 punitive damages that Plaintiff seeks in this matter are in excess of $75,000.00.
11 Compensatory and punitive damages are to be considered in determining the amount in
12 controversy for purposes of removal jurisdiction. *Chabner v. United of Omaha Life Ins.*
13 *Co.*, 225 F.3d 1042, 1046 n. 3 (9th Cir. 2000); *Ansley v. Metropolitan Life Ins. Co.*, 215
14 F.R.D. 575, 577 (D. Ariz. 2003) (*citing Chabner*).  Plaintiff also seeks her attorneys' fees
15 in bringing this action. Potential attorneys' fees are to be included in determining the
16 amount in controversy. *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir.
17 1998); *Ansley*, 215 F.R.D. at 577 (*citing Galt G/S*).[2]

18       4.     Venue is proper in the District of Arizona pursuant to 28 U.S.C. § 1391(a)
19 in that Plaintiff resides within the District of Arizona. Additionally, venue is proper in the

---

[1] The Summons, Complaint, and Certificate of Compulsory Arbitration that Plaintiff filed in Maricopa County Superior Court are attached hereto as Exhibit "A".

[2] Foresters does not waive, and expressly reserves, the right to challenge the Plaintiff's claims for damages, including, without limitation, actual damages, punitive damages, and attorneys' fees, and to argue for the dismissal of each and every cause of action asserted in the Complaint.

1 District of Arizona because a substantial part of the events giving rise to the claim 2 occurred in this district.

3   5. On March 25, 2015, Plaintiff filed in Maricopa County Superior Court the 4 Summons, Complaint, and Certificate of Compulsory Arbitration (*see* Exhibit "A"), but 5 these documents were not served on Foresters.

6   6. Less than thirty (30) days prior hereto, the Summons, Complaint, and 7 Certificate of Compulsory Arbitration were received by Foresters. Specifically, on or 8 about June 5, 2015, Foresters' legal department received correspondence from Plaintiff's 9 counsel, bearing a date of May 20, 2015, enclosing a copy of the Summons, Complaint, 10 and Certificate of Compulsory Arbitration. The May 20, 2015 correspondence also 11 enclosed a blank Waiver of Service form but did not enclose a Request for Waiver of 12 Service. Nevertheless, on July 1, 2015, counsel for Foresters signed the Waiver of 13 Service.

14   7. This Notice of Removal is being filed within thirty (30) days after receipt 15 of the Complaint, which is deemed served as of July 1, 2015 (the date counsel for 16 Foresters signed the Waiver of Service), and thus is timely filed under 28 U.S.C. 17 §1446(b).

18   8. The time in which Foresters has to answer or move with respect to the 19 Complaint has not expired.

20   9. A Notification of Filing Notice of Removal in Federal Court, a true and 21 correct copy of which is attached as Exhibit "B", has been filed in Maricopa County 22 Superior Court on behalf of Foresters.

23   WHEREFORE, Foresters requests that the above action now pending in the 24 Maricopa County Superior Court be removed to this Court.

25

DATED this 1st day of July, 2015.

**KUNZ PLITT**
**HYLAND & DEMLONG**
A Professional Corporation

By    s/John K. Wittwer
    William M. Demlong
    John K. Wittwer
    3838 N. Central Avenue, Suite 1500
    Phoenix, Arizona 85012-1902
    *Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of July, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

Mick Levin, Esq.
Michael Malin, Esq.
MICK LEVIN, P.L.C.
301 East Bethany Home Road, Suite B-140
Phoenix, Arizona 85012-1295
Phone: (602) 263-1233
Fax: (602) 230-7377
micklevin@mlplc.com, michaelmalin@mlplc.com

*Attorneys for Plaintiff*

    s/Cindy Noeding