# EXHIBIT A

MICK LEVIN, ESQ. (SBN 021891)
micklevin@mlplc.com
MICK LEVIN, P.L.C.
301 East Bethany Home Road, Suite B-140
Phoenix, Arizona 85012-1295
Phone: (602) 263-1233
Fax: (602) 230-7377

Attorneys for Plaintiffs

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Bernadette Carlson,<br><br>Plaintiffs,<br>v.<br><br>Foresters Insurance Company,<br><br>Defendants. | Case No. CV 2015-003973<br><br>**SUMMONS**<br><br>(Breach of Contract, Bad Faith) |

If you would like legal advice from a lawyer, contact the Lawyer Referral Service at
602-257-4434
or
www.maricopalawyers.org
Sponsored by the
Maricopa County Bar Association

**THE STATE OF ARIZONA TO THE DEFENDANTS:**

**FORESTERS INSURANCE COMPANY**

YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona, whether by direct service, by registered or certified mail, or by publication, you shall appear and defend within 30 days after the service of the Summons and Complaint upon you in complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's

1

1  attorney to receive service of legal process against it in this state, the insurer
2  shall not be required to appear, answer or plead until the expiration of 40 days
3  after day of such service upon the Director. Service by registered or certified
4  mail without the State of Arizona is complete 30 days after the date of filing the
5  receipt and affidavit of service with the Court. Service by publication is complete
6  30 days after the date of first publication. Direct service is complete when made.
7  Service upon the Arizona Motor Vehicle Superintendent is complete 30 days
8  after filing the Affidavit of Compliance and return receipt of Officer's Return. RCP
9  4; Arizona Revised Statutes, Section 20-222, 28-502, 28-503.

    YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

    YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required and you are required to serve a copy of any Answer or response upon the Plaintiff's attorney; RCP 10(d); Arizona Revised Statutes, Section 12-311; RCP 5.

    The name and address of the Plaintiff's attorney is:

    Mick Levin, Esq.
    MICK LEVIN, P.L.C.
    301 E. Bethany Home Rd., Suite B-140
    Phoenix, AZ 85012
    (602) 263-1233

1  REQUESTS FOR REASONABLE accommodation for persons with
2  disabilities must be made to the court by parties at least 3 working days in
3  advance of a scheduled proceeding.
4
5  SIGNED AND SEALED this date:
6  MICHAEL K. JEANES, Clerk
7  
8  MAR 2 5 2015
   By: _____
9  DEPUTY CLERK  MICHAEL K. JEANES, CLERK
                 M. DE LA CRUZ
                 DEPUTY CLERK

3



MICK LEVIN, ESQ. (SBN 021891)
micklevin@mlplc.com
MICK LEVIN, P.L.C.
301 East Bethany Home Road, Suite B-140
Phoenix, Arizona 85012-1295
Phone: (602) 263-1233
Fax: (602) 230-7377

Attorneys for Plaintiffs



MAR 2 5 2015

MICHAEL K. JEANES, CLERK
M. DE LA CRUZ
DEPUTY CLERK

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Bernadette Carlson, <br><br>    Plaintiffs, <br><br> v. <br><br> Foresters Insurance Company, <br><br>    Defendants. | Case No. CV 2015-003973 <br><br> **COMPLAINT** <br><br> (Breach of Contract, Bad Faith) |

For her Complaint against Defendant, Plaintiff pleads as follows:

1. Plaintiff, Bernadette Carlson, at all times material hereto, resides in Maricopa County, Arizona.

2. Foresters Insurance Company is a corporation organized in Canada and doing business in Maricopa County, Arizona.

3. This acts and/or omissions detailed in this Complaint all occurred in Maricopa County, Arizona, unless otherwise stated.

4. Venue and jurisdiction are appropriate in this Court.

5. Ann Carlson, Plaintiff's mother, purchased a Certificate of Insurance from Forester's Insurance, certificate number 7394301, while Ann Carlson resided in Maricopa County, Arizona (hereinafter "the Policy").

6. The Policy provided a death benefit, payable if Ann Carlson died as the result of an accident.

7. Plaintiff, Bernadette Carlson, was the designated beneficiary and intended third-party beneficiary of the Policy.

8. On or about February 11, 2013, Ann Carlson died as a result of accidental asphyxiation.

9. Prior to her death, Ann Carlson suffered from respiratory disease and required a breathing machine while she was sleeping.

10. The machine that Ann Carlson uses to assist with her breathing while sleeping has a mask that covers her mouth and nose while she sleeps.

11. During the evening of February 10, 2013 or the morning of February 11, 2013, Ann Carlson vomited into the mask of her breathing machine and breathed in the emesis –aspirating and asphyxiating.

12. Ann Carlson's death was an accident – it was not purposeful, as in homicide or suicide and it was not natural, as it would be from the natural course of a disease.

13. Plaintiff, Bernadette Carlson, promptly made a claim in accordance with the Policy and provided Defendant Foresters Insurance an Authorization for Disclosure of Medical and Health-Related Information, a Claimant's Statement,

and a copy of Ann Carlson's death certificate which indicates that the cause of death was "asphyxiation from aspiration".

14. Defendant Foresters Insurance reviewed the information provided to them by Plaintiff, Bernadette Carlson, and concluded that death caused by asphyxiation from aspiration was not as a result of an accident.

15. Defendant Foresters Insurance denied Plaintiff, Bernadette Carlson's claim under the Policy.

## COUNT I
## BREACH OF CONTRACT

16. Plaintiff reasserts the foregoing paragraphs as if fully incorporated herein.

17. Ann Carlson and Defendant Foresters Insurance entered into a contract whereby Plaintiff Bernadette Carlson would receive the benefit of the Policy if Ann Carlson died as the result of an accident.

18. Ann Carlson died as a result of accidental asphyxiation from aspiration and not as a result of purposeful action or natural causes.

19. Plaintiff, Bernadette Carlson, as the third-party intended beneficiary of the Policy, made claim upon Foresters Insurance in accordance with the Policy.

20. Defendant Foresters Insurance denied Plaintiff Bernadette Carlson's claim and refused to pay Plaintiff Bernadette Carlson in accordance with the Policy.

21. Defendant Foresters Insurance's denial of Plaintiff Bernadette Carlson's claim is a breach of the contract between Ann Carlson and Defendant Foresters Insurance.

22. As such, Defendant Foresters Insurance is liable to Plaintiff Bernadette Carlson in accordance with the terms of the Policy.

## COUNT II
## BAD FAITH

23. Plaintiff reasserts the foregoing paragraphs as if fully incorporated herein.

24. There is an implied duty of good faith and fair dealing in every insurance policy.

25. In all aspects of processing a claim, Defendant is required to give as much consideration to Plaintiff's interests as it does its own interests.

26. Defendant put Defendant's interests ahead of Plaintiff's interests by failing to compensate Plaintiff as required by the Policy without a reasonable basis to do so.

27. Defendant knew it acted without a reasonable basis and/or Defendant failed to perform an evaluation adequate to determine whether its action was supported by a reasonable basis.

28. Furthermore, Defendant's failure to consider Plaintiffs' interests equal to their own interests caused Plaintiff damages in that Plaintiff lost the unpaid benefits of the Policy and endured humiliation, inconvenience, and anxiety as a result.

29. Defendant's failure to process Plaintiff's claim was done with an evil mind, in that they consciously disregarded a substantial risk of injury to Plaintiff when

they failed to offer and/or pay fair compensation of Plaintiff's claim. As such, an award of punitive damages against Defendant would be appropriate.

WHEREFORE, Plaintiffs pray for judgment against Defendants, as follows:

- A. For the amount of the Policy;
- B. For damages to compensate Plaintiff for her humiliation, inconvenience, and anxiety;
- C. For Plaintiffs' costs and attorney fees herein as provided by A.R.S. 12-341 and 12-341.01, respectively;
- D. For punitive damages as determine by the trier of fact; and
- E. For such other relief as the court deems proper.

DATED this 23rd day of March, 2015

MICK LEVIN, P.L.C.

_____
Mick Levin
301 E. Bethany Home Rd., Suite B-140
Phoenix, AZ 85012
Attorneys for Plaintiffs

5

MICK LEVIN, ESQ. (SBN 021891)
micklevin@mlplc.com
MICK LEVIN, P.L.C.
301 East Bethany Home Road, Suite B-140
Phoenix, Arizona 85012-1295
Phone: (602) 263-1233
Fax: (602) 230-7377

Attorneys for Plaintiffs

COPY

MAR 25 2015

MICHAEL K. JEANES, CLERK
M. DE LA CRUZ
DEPUTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Bernadette Carlson, | Case No. CV 2015-003973 |
| Plaintiffs, | |
| v. | **CERTIFICATE OF COMPULSORY ARBITRATION** |
| Foresters Insurance Company, | |
| Defendants. | (Breach of Contract, Bad Faith) |

The undersigned certifies that the largest award sought by the Plaintiffs, including punitive damages, but excluding interest, attorneys' fees, and costs exceeds the limits set by Local Rule for compulsory arbitration. This case is not subject to the Arizona Rules of Civil Procedure governing compulsory arbitration.

DATED this 23rd day of March, 2015

MICK LEVIN, P.L.C.

_/s/ Mick Levin_
Mick Levin
301 E. Bethany Home Rd., Suite B-140
Phoenix, AZ 85012
Attorneys for Plaintiffs

1

# EXHIBIT B

William M. Demlong (I.D. No. 012458)
John K. Wittwer (I.D. No. 025035)
**KUNZ PLITT**
**HYLAND & DEMLONG**
3838 N. Central Avenue
Suite 1500
Phoenix, Arizona  85012-1902
(602) 331-4600
wmd@kunzlegal.com; jkw@kunzlegal.com

Attorneys for Defendant

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| Bernadette Carlson,<br><br>Plaintiff,<br><br>v.<br><br>Foresters Insurance Company,<br><br>Defendant. | Case No.: CV2015-003973<br><br>**NOTIFICATION OF FILING NOTICE OF REMOVAL** |

TO: **THE CLERK OF THE CAPTIONED COURT, THE COURT ADMINISTRATOR OF THE MARICOPA COUNTY SUPERIOR COURT AND PLAINTIFF**

PLEASE TAKE NOTICE that on this date, Defendant, The Independent Order of Foresters, incorrectly designated as Foresters Insurance Company (hereinafter "Foresters"), filed in the United States District Court for the District of Arizona a Notice of Removal of the above-entitled case from this Court to United States District Court. A true and correct copy of the Notice of Removal filed in the United States District Court is attached hereto as Exhibit A.

/ / /

1  DATED this 1st day of July, 2015.

2
                          **KUNZ PLITT**
3                          **HYLAND & DEMLONG**
                         A Professional Corporation

4

5                     By____s/John K. Wittwer_____
                          William M. Demlong
6                          John K. Wittwer
                         3838 N. Central Avenue, Suite 1500
7                          Phoenix, Arizona 85012-1902
                         *Attorneys for Defendant*
8

9  ORIGINAL of the foregoing filed
   this 1st day of July, 2015, with:

10
   Clerk of Court
11 Maricopa County Superior Court
   101/201 West Jefferson
12 Phoenix, Arizona  85003

13 COPY of the foregoing mailed
   this 1st day of July, 2015, to:
14
   Mick Levin, Esq.
15 MICK LEVIN, P.L.C.
   301 East Bethany Home Road, Suite B-140
16 Phoenix, Arizona 85012-1295
   *Attorneys for Plaintiff*
17
       s/Cindy Noeding
18 _____

19

20

21

22

23

24

25                             - 2 -