**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Bernadette Carlson,

        Plaintiff,

vs.

Foresters Insurance Company,

        Defendant.

No. CV-15-01230-PHX-PGR

ORDER

      Pending before the Court is plaintiff Bernadette Carlson's Motion to Remand (Doc. 9), timely filed on July 28, 2015. Having reviewed the parties' memoranda, the Court finds that the motion should be denied as meritless.

      Defendant Foresters Insurance Company removed this action on July 1, 2015 solely on the basis of diversity of citizenship jurisdiction. In her two-count complaint, the plaintiff alleges state law claims for breach of contract and for bad faith. The claims arise from the defendant's denial of the plaintiff's claim for accidental death insurance benefits that she, as the beneficiary of her mother's insurance policy, contends she is due as result of her mother's allegedly accidental death from asphyxiation.

      Although conceding, as she must, that this Court has diversity jurisdiction over

this action, the plaintiff argues that the Court should exercise its discretion to decline to hear this case and remand it because "Arizona courts are better equipped to determine and apply issues of state law, and because Arizona Courts are the best situated to identify and enforce its public policy concerns[.]"

Since federal courts have a "virtually unflagging" obligation to adjudicate claims within their subject matter jurisdiction, Colorado River Water Conservation District v. United States, 424 U.S. 800, 817 (1976), "abstention is permissible only in a few carefully defined situations with set requirements." United States v. Morros, 268 F.3d 695, 703 (9th Cir.2001) (internal quotation marks omitted).  Here, the plaintiff asserts that the Court has the discretion to abstain pursuant to the policy reasons underlying Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942). What is commonly referred to as the Wilton/Brillhart abstention doctrine applies when "ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties." Brillhart, at 495.

The Court agrees with the defendant that it has no discretion to decline to hear this case under the Wilton/Brillhart abstention doctrine since that doctrine clearly has no application to the situation here.[1]  First, the doctrine, which is based on a federal district court's "unique and substantial discretion" under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), in deciding whether to declare the rights of litigants even when the action otherwise satisfies subject matter

---

[1] The plaintiff does not seek a remand under any other abstention doctrine and the Court concludes that none of the other abstention doctrines mandates a remand of this action.

1 jurisdictional prerequisites, has no application beyond the context of declaratory judgments. Wilton v. Seven Falls Co., 515 U.S. 277, 285-86 (1995). Although the plaintiff analogizes this action to a declaratory judgment action, she concedes that this action is not one brought pursuant to the Federal Declaratory Judgments Act. The Court rejects the plaintiff's contention that a discretionary remand is available here simply because "this action is primarily an interpretation of a contract under Arizona law, just as a declaratory judgment would be[.]" Acceptance of the plaintiff's position that a federal district court has the discretionary authority to decline to adjudicate an action simply because it is based on state law would be totally contrary to the concept of diversity jurisdiction.

Second, underlying the Wilton/Brillhart abstention doctrine is a concern for comity, *i.e.*, abstention is presumed to be warranted in an applicable situation on the ground that "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." Brillhart, at 495. Here, there is no parallel state court action, duplicative or otherwise, nor any stated potential for such a related proceeding. There is just this single, properly removed action which only raises claims for breach of contract and bad faith.[2] There is simply no factual or

---

[2] Even if the plaintiff were correct in her argument (and she is not) that this action is analogous to a declaratory judgment action because it must be resolved on the same factual and legal determinations as would a declaratory judgment action, abstention, and thus remand, would still be improper. The Ninth Circuit has made it clear that while insurance coverage is primarily an issue of state law, "there is no presumption in favor of abstention in declaratory actions generally, nor in insurance cases specifically[,]" Government Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1225 (9th Cir.1998) (en banc), and that even in a declaratory judgment action, where there are claims for bad faith and breach of contract which provide an independent basis for federal diversity jurisdiction, "the district court is without discretion to remand or decline to entertain theses causes of action. Indeed, the district court has a virtually unflagging obligation to exercise jurisdiction over these

1  legal basis for abstention and remand. Therefore,

2      IT IS ORDERED that the plaintiff's Motion to Remand (Doc. 9) is denied.

3      DATED this 17th day of August, 2015.

                                          *[signature]*
                                          Paul G. Rosenblatt
                                          United States District Judge

---

claims." *Id.* at 1225 n.6. (internal quotation marks omitted).

- 4 -